The opinion of the court was delivered by
Brewer, J.:
Only a single question is presented in this case for our consideration. The action was brought in the district court of Leavenworth county to recover for goods sold. The petition alleges a general indebtedness for goods sold and delivered at the special instance and request of the defendant, and contains an account showing the amount and kind of goods delivered, the dates of delivery, and the price. The whole account was for lager beer. The answer contained two defenses, the first denying every allegation of the-petition, except those expressly admitted, and the second after stating that “ the said defendant admits and alleges that at the time stated in said petition and- bill of particulars said plaintiff sold and delivered to this defendant the beer therein stated and alleged, and in consideration of the price therein stated, to be thereafter paid by this defendant to said plaintiffs, said plaintiffs undertook,” etc., going on to allege that the beer was warranted to be sound and merchantable, but was in reality sour beer, and claiming damages therefor. Plaintiffs filed a reply containing a .general denial. On the reply defendant claimed the right to open and close the case, and the court sustained the claim. Of course this. could only be because upon him “ rested the burden of the issues.” (Code, § 275.) On the trial one of the plaintiffs, Henry Foote, was asked this question: “At the date of the contract and delivery of the beer mentioned in the petition, did the plaintiffs have a license, either as grocers, dramshop-keepers, or tavern-keepers?” Objection being made, the same was sustained, *550 and the evidence ruled out, to which exception was duly taken. The correctness of this ruling is the only question for our decision. We think the ruling was right. On the pleadings, the plaintiffs were entitled to judgment. So the defendants claimed, and so the court held, and rightly too. But this question tended only to elicit a defense to the plaintiff’s right of recovery. In other words, the defendant, by his pleading, admitted the plaintiff’s cause of action, and upon the trial asked to be permitted to prove that they had none. The testimony must be confined to the issues in the pleadings; and the only issue for trial was that presented by the special or second defense stated in the answer.
Application was made for leave to amend the answer so as to present an issue under which this testimony would be competent. The court overruled the application, and we see no such abuse of the discretion vested in the trial-court as will justify this court in disturbing its decision. (Taylor v. Clendenning, 4 Kas., 524.)
The judgment will be affirmed.
All the Justices concurring.